B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Denise Naughton and Michael Naughton | New Penn Financial LLC, d/b/a Shellpoint Mortgage Servicing |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Law Office of Nicholas F. Ortiz, P.C. 99 High Street, Suite 304    617-338-9400 Boston, MA | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor     ☐ Other ☐ Trustee | ☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor     ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

I. Violation of the Bankruptcy Discharge, 11 U.S.C. 524(i).
II. Violation of the Automatic Bankruptcy Stay, 11 U.S.C. 362(a)
III. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692k(a)(2)(A) et al.
IV. Violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(f) et al.

VI. Violation of Massachusetts Chapter 93A, M.G.L. c. 93A (2) et al. (Notice Only)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
 (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ UNLIQUIDATED |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Denise Naughton and Michael Naughton | BANKRUPTCY CASE NO. 12-12719 | |
| DISTRICT IN WHICH CASE IS PENDING District of Massachusetts - Eastern Division | DIVISION OFFICE Boston | NAME OF JUDGE Judge Hoffman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE May 31, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Colin D. Creager, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

**MICHAEL NAUGHTON and**
**DENISE NAUGHTON**
    Debtors

Chapter 13
Case No. 12-12719

**MICHAEL NAUGHTON and**
**DENISE NAUGHTON**
    Plaintiffs

v.

**NEW PENN FINANCIAL LLC, D/B/A**
**SHELLPOINT MORTGAGE SERVICING**
    Defendant

## COMPLAINT

### I.    INTRODUCTION

This is an adversary proceeding brought on behalf of Plaintiffs Michael and Denise

Naughton, Debtors in the above-captioned bankruptcy case, who have been injured by the

Defendant's unlawful acts. By improperly and unlawfully administering and servicing the

Plaintiffs' mortgage, both during and after Plaintiffs' Chapter 13 bankruptcy case, the Defendant

has violated the bankruptcy discharge injunction, 11 U.S.C. § 524(i); the automatic bankruptcy

stay, 11 U.S.C. § 362(a); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2) and

1692e(2)(A); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(2); and the

Massachusetts Unfair and Deceptive Practices Act, M.G.L ch. 93A, § 2. The Plaintiffs request

that the Court award them damages, including compensation for emotional distress, statutory

damages, punitive damages, appropriate injunctive relief, and compensation for their costs and reasonable attorneys' fees incurred in connection with this adversary proceeding.

## II.    PARTIES

1. The Plaintiffs, Michael and Denise Naughton, are Debtors in the above-captioned Chapter 13 bankruptcy case. The Naughtons reside in Weymouth, Massachusetts.

2. New Penn Financial LLC, d/b/a Shellpoint Mortgage Servicing, is a Delaware Limited Liability Company with a principal place of business at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462.

3. Upon information and belief, Shellpoint Mortgage Servicing is a trade name used by New Penn Financial, LLC.

4. Upon information and belief, New Penn Financial, LLC is licensed as a debt collector in Massachusetts by the Massachusetts Division of Banks.

## III.    JURISDICTION

5. The Plaintiffs are Debtors in the above-captioned Chapter 13 case. This Court thus has jurisdiction over this proceeding, which arises under the Bankruptcy Code and concerns the property of the Debtors, pursuant to 28 U.S.C. § 1334. This is a core proceeding.

## IV.    STATEMENT OF FACTS

6. New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing (hereinafter "Shellpoint") is a finance company that provides residential mortgage loans, mortgage servicing, and debt collection services.

7. On or about November 30, 1999, the Plaintiffs purchased a residential property located at 114 Worthen Avenue, Weymouth, Massachusetts (the "Property"). To finance the purchase of the Property, the Plaintiffs granted a mortgage (the "Mortgage") to

BankBoston, the original mortgagee, in the original amount of $200,000. In the years between the purchase of the Property and the filing of this adversary proceeding, the Mortgage was transferred to several different parties and associated servicers.

8. On March 30, 2012, the Plaintiffs filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. On January 28, 2013, the Court issued an order confirming the Plaintiffs' Chapter 13 Plan.

9. Upon information and belief, on or around June 16, 2017 and during the pendency of Plaintiffs' Chapter 13 case, Shellpoint acquired the Mortgage from Ditech.

10. Since that date, Shellpoint has been the sole servicer of the Mortgage.

11. On or about August 15, 2017, Shellpoint sent a letter to Plaintiffs, indicating that "[their] mortgage is seriously delinquent."

12. On or around August 21, 2017, the Chapter 13 Trustee issued a Notice of Final Cure Payment, stating that the Plaintiffs' mortgage arrears had been fully cured.

13. On August 24, 2017, the Court issued an Order of Discharge in Plaintiffs' Chapter 13 case.

14. On September 7, 2017, Shellpoint filed a response to the Trustee's Notice of Final Cure Payment. Despite Shellpoint's earlier indication that Plaintiffs were behind on payments, in this response Shellpoint stated that the Plaintiffs had fully repaid the Mortgage's prepetition default and that the Plaintiffs were current on postpetition payments, with the next payment being due on September 1, 2017. This response was dated September 7, 2017, and was signed by "Kimberly N. Rusinek, BK Case Manager."

15. The Plaintiffs timely made the September 1, 2017 payment. The Plaintiffs made additional payments to Shellpoint for the months of October, November, and December of 2017.

16. On or about November 7, 2017, the Plaintiffs discovered that Shellpoint still considered their account to be in default. Specifically, Shellpoint representatives informed the Plaintiffs that Shellpoint's records showed that the Plaintiffs had missed payments for the months of June, July, and August of 2017. The Shellpoint representative speaking to the Plaintiffs sought to collect payment these payments.

17. Because of Shellpoint's response to the Trustee's Notice of Final Cure Payment, stating that the account was current and due for September of 2017, the Plaintiffs disputed that their account was in default. On or about January 8, 2017, the Plaintiffs contacted Shellpoint via email, identifying their concerns. Between that time and approximately February 9, 2018, the Plaintiffs continued their communications with Shellpoint, attempting to resolve the situation.

18. On or about January 26, 2018, the Plaintiffs' monthly Mortgage payment was returned to them. This returned payment was accompanied by a statement indicating that the Mortgage was in default and, as a result, that Shellpoint could no longer accept the Plaintiffs' payments.

19. On February 2, 2018, the Plaintiffs retained Attorney Colin D. Creager, of the Law Office of Nicholas F. Ortiz, P.C. ("Counsel") to represent them in communications with Shellpoint.

20. On February 9, 2018, Counsel transmitted a letter of representation to Shellpoint, which included a request that all further communications regarding the Mortgage be directed to

Counsel. See Counsel's Letter of Representation, attached hereto and marked as EXHIBIT A.

21. On February 9, 2018, the Plaintiffs received a letter from Shellpoint. This letter stated that Shellpoint had determined that the Plaintiffs' Mortgage had been improperly coded as due from June 2017 onward, instead of September 2017 onward as indicated in Shellpoint's response to the Trustee's Notice of Final Cure Payment. In this letter, Shellpoint claimed that they were working to correct the error. See February 9, 2018 Letter, attached hereto and marked as EXHIBIT B.

22. On March 21, 2018, Counsel transmitted, via facsimile, a qualified written request to Shellpoint seeking to have the errors identified in Paragraph 21 corrected.

23. As Counsel communicated with Shellpoint, Shellpoint continued to maintain that the account was improperly coded and that Shellpoint was working to address the issue, as stated in the February 9, 2018 letter referred to in Paragraph 21. However, as of the filing of this Complaint, Shellpoint has not yet corrected their errors.

24. Despite Counsel's February 9, 2018 request that all communications regarding the Mortgage be addressed to Counsel, Shellpoint continued to, on multiple occasions, contact the Plaintiffs.

25. On or about April 1, 2018, the Plaintiffs began to receive letters from foreclosure and bankruptcy attorneys offering their services to Plaintiffs. On April 12, 2018, the Plaintiffs were served with a "Order of Notice and Limited Assistance Representation Information Sheet" from Harmon Law Offices, P.C., who purported to represent Shellpoint in a foreclosure proceeding with a case number of 18-SM-002064.

26. Upon information and belief, Shellpoint initiated the foreclosure proceedings, designated as 18-SM-002064, on March 30, 2018.

27. Prior to March 30, 2018, the Shellpoint did not send the Plaintiffs a Notice of Right to Cure or a notice of Plaintiffs' right to request a modified mortgage loan.

28. As of the date of filing this Complaint, Shellpoint has not recorded an affidavit regarding Shellpoint's good-faith efforts to avoid foreclosure, as required by M.G.L. c. 244 § 35B(f), or an affidavit regarding Shellpoint's ownership of the Mortgage note, as required by M.G.L. c. 244 § 35C(b).

29. On April 17, 2018, Shellpoint sent a letter to Counsel, making no mention of the ongoing foreclosure and requesting "additional time to respond to [Plaintiffs'] inquiry."

## V.    CAUSES OF ACTION

### COUNT I
### Violation of the Bankruptcy Discharge Injunction

30. The Plaintiffs incorporate by reference the factual allegations contained all preceding paragraphs.

31. By informing the Plaintiffs that Shellpoint considered the Mortgage to be in default and attempting to collect payments allegedly due between June 1, 2017 and August 31, 2017 (as described above in Paragraph 16), the Defendant violated the discharge injunction that the Court had issued pursuant to 11 U.S.C. § 524(i) on August 24, 2017. Specifically, attempting to collect payments for the allegedly past-due months was in direct contravention of the Court's order discharging the Plaintiff's liability, stating that "with respect to any claim secured by a security interest in the debtor's principal residence, any prepetition or postpetition defaults have been cured and such claims are in all respects current . . . " See Discharge Order, attached hereto and marked as EXHIBIT C. Further,

instituting foreclosure proceedings (as described above in Paragraph 26) on the basis of a

default ordered cured by the Court, resulted in an additional violation of the Discharge

Order.

32. The Plaintiffs request that the Court sanction Shellpoint, award the Plaintiffs

compensatory damages, punitive damages, and reimbursement for reasonable attorneys'

fees and costs, for Shellpoint's violation of 11 U.S.C. § 524(i).

**COUNT II**
**Violation of the Automatic Bankruptcy Stay**

33. The Plaintiffs incorporate by reference the factual allegations contained within all

preceding paragraphs.

34. By improperly coding the Plaintiffs' mortgage as being in default, at or around the time

of the June 16, 2018 transfer of Plaintiffs' mortgage from Ditech to Shellpoint, Shellpoint

made an attempt to collect a debt in violation of the automatic bankruptcy stay, 11 U.S.C.

§ 362(a).

35. The Plaintiffs request that the Court award them damages, including compensatory

damages, punitive damages, and the reimbursement of reasonable attorneys' fees and

costs, for Shellpoint's violation of 11 U.S.C. § 362(a).

**COUNT III**
**Violation of the Fair Debt Collection Practices Act**

36. The Plaintiffs incorporate by reference the factual allegations contained within all

preceding paragraphs.

37. Shellpoint is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

38. By contacting Plaintiffs after February 9, 2018, the date when Shellpoint became aware that the Plaintiffs were represented by Counsel, Shellpoint violated 15 U.S.C. § 1692c(a)(2).

39. By commencing foreclosure proceedings on a current mortgage, Shellpoint misrepresented the character and amount of a debt in violation of 15 U.S.C. § 1692e(2)(a). Further, by commencing foreclosure proceedings on a current mortgage, Shellpoint has advertised the sale of a debt to coerce payment of the debt in violation of 15 U.S.C. § 1692d (4).

40. By telling the Plaintiffs that their mortgage was in default, when in fact it was current, Shellpoint misrepresented the character and amount of a debt in violation of 15 U.S.C. § 1692e(2)(a).

41. Pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (a)(3), the Plaintiffs request that the Court award them damages statutory damages in the amount of $1,000.00, actual damages, and the reimbursement of reasonable attorneys' fees and costs associated with bringing this adversary proceeding.

### COUNT IV
### Violation of the Real Estate Settlement Procedures Act

42. The Plaintiffs incorporate by reference the factual allegations contained within all preceding paragraphs.

43. The Mortgage is a "federally related mortgage" as defined in 12 U.S.C. § 2602(1).

44. Shellpoint is a "servicer" as defined in 12 U.S.C. § 2605(i)(2).

45. Plaintiffs' January 8, 2018 email to Shellpoint was a "qualified written request" as defined in 12 U.S.C. § 2605(e)(1)(B). Counsel's facsimile sent on March 21, 2018 was a second "qualified written request" sent to Shellpoint pursuant to 12 U.S.C. § 2605(e).

46. Pursuant to 12 U.S.C. § 2605(e)(2), Shellpoint had 30 days to correct the errors identified in Plaintiffs' qualified written requests.

47. February 16, 2018, is 30 days from January 8, 2018, pursuant to the day-counting scheme outlined in 12 U.S.C. § 2605(e)(2). Likewise, May 1, 2018, is 30 days from March 21, 2018.

48. Prior to February 16, 2018 and prior to May 1, 2018, Shellpoint failed to request an extension of time to respond to Plaintiffs' qualified written request pursuant to 12 U.S.C. § 2605(e)(4).

49. By February 16, 2018, Shellpoint had failed to correct the errors identified in the Plaintiffs' January 8, 2018 qualified written request. Shellpoint, then, failed to correct these errors within 30 days as required under 12 U.S.C. § 2605(e)(2).

50. By May 1, 2018, Shellpoint had failed to correct the errors identified in Counsel's March 21, 2018 qualified written request. Shellpoint, then, failed to correct these errors within 30 days as required under 12 U.S.C. § 2605(e)(2).

51. Based on these violations, the Plaintiffs request that the Court award them actual damages pursuant to 12 U.S.C. § 2605(f)(1)(A).

52. Based on Shellpoint's pattern of noncompliance with 12 U.S.C. § 2605(e), the Plaintiffs request that the Court award them a further $2,000.00 in statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B).

53. Pursuant to 12 U.S.C. § 2605(f)(3), the Plaintiffs request that the Court award them the costs and reasonable attorneys' fees associated with bringing this adversary proceeding.

## COUNT V
### Violations of Massachusetts Consumer Protection Law, Ch. 93A

54. The Plaintiffs intend to assert a claim under M.G.L. c. 93A, the Massachusetts Consumer

Protection Act, which makes it unlawful to engage in any "[u]nfair methods of

competition or deceptive acts or practices in the conduct of any trade or commerce."

M.G.L. c. 93A, § 2(1); *see also* M.G.L. c. 176D, §§ 2–3. The Plaintiffs have made a

demand on Shellpoint in satisfaction of M.G.L. c. 93A, § 9(3), and will amend this

Complaint to assert claims under Chapter 93A once the required 30 days have elapsed.

This paragraph is included for purposes of notice only and is not intended to assert claims

under Chapter 93A.

## VI.    JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all issues so triable.

WHEREFORE, the Plaintiffs, Denise and Michael Naughton, request that the Court:

1. Award the Plaintiffs damages, including actual damages and

   punitive damages, for Shellpoint's violation of Plaintiffs'

   bankruptcy discharge, as well as the costs and reasonable

   attorneys' fees associated with bringing this adversary proceeding;

2. Award the Plaintiffs damages, including actual damages and

   punitive damages, for Shellpoint's violation of the automatic

   bankruptcy stay during the pendency of Plaintiff's Chapter 13

   bankruptcy case, as well as the costs and reasonable attorneys' fees

   associated with bringing this adversary proceeding;

3. Award the Plaintiffs statutory and actual damages, plus the costs and reasonable attorneys' fees associated with bringing this adversary proceeding, for Shellpoint's violations of the Fair Debt Collection Practices Act;

4. Award the Plaintiffs damages, including actual damages, for Shellpoint's violations of the Real Estate Settlement Procedures Act, plus statutory damages based on Shellpoint's pattern of noncompliance with the Act, as well as the costs and reasonable attorneys' fees associated with bringing this adversary proceeding;

5. Grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

DENISE NAUGHTON,
MICHAEL NAUGHTON,
By their attorney,

Colin D. Creager, Esq., BBO# 697526
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
cdc@mass-legal.com

Dated: May 16, 2018

# Exhibit A

# LAW OFFICE OF NICHOLAS F. ORTIZ, P.C.

99 HIGH STREET, SUITE 304
BOSTON, MASSACHUSETTS 02110

COLIN D. CREAGER
TEL (617) 338 - 9400
FAX (617) 507 - 3456

February 9, 2018

RE: Representation of Michael and Denise Naughton

VIA FAX TO: (866) 467-1184

Dear sir or madam:

    This letter is intended to confirm that Michael and Denise Naughton, customers of yours with the account number 0578214625, are represented by Colin D. Creager, Esq. of the Law Office of Nicholas F. Ortiz, P.C.

    We request that you direct any and all correspondence or communications to us at the address, phone number, or fax listed above. Attorney Creager may also be contacted via email at cdc@mass-legal.com.

Sincerely,

Colin Creager

**Exhibit B**



**Shellpoint**

Mortgage Servicing

55 Beattie Place, Suite 110
Greenville, SC 29601

Toll Free Phone 1-800-365-7107
Toll Free Fax 1-866-467-1137

*Hours of Operation*
Monday-Friday 8:00AM 10:00PM
Saturday 8:00AM-3:00PM

February 9, 2018

Michael R Naughton
Denise S. Naughton
114 Worthen Ave
Weymouth, MA 02188

RE:     Reference Number:  0578214625

Dear Michael & Denise Naughton:

This letter is in response to your recent inquiry regarding the above referenced loan. Shellpoint Mortgage Servicing ("Shellpoint") began servicing the loan on or about June 16, 2017.

Shellpoint is aware that this loan was included in a Chapter 13 Bankruptcy. Our records indicate you intended to retain the above referenced property. Upon completion of your Chapter 13 Plan, both your personal liability and the lien on the property were maintained.

Shellpoint is in receipt of your correspondence regarding payments made since the bankruptcy discharge as well as our response to the Final Cure in your Chapter 13 Bankruptcy.

Upon review of the account, Shellpoint has determined that the loan's due date is incorrect. Per the filed Response to Final Cure from September 7, 2017, the loan was due for the September 1, 2017, installment at that time. Yet due to an inadvertent error, the loan was instead due for the June 1, 2017, installment.

Therefore, Shellpoint has requested the appropriate department advance the loan's due date to September 1, 2017 (effective September 7, 2017), and repost all payments made since the bankruptcy discharge.

As of the date of this communication, the loan is contractually due for the June 1, 2017, installment. After the adjustments, the loan will be due for the January 1, 2018, installment.

Please accept our sincere apologies for any inconvenience regarding this issue. Please know, Shellpoint takes its customer service obligations very seriously and your concerns have been brought to the attention of the appropriate people within our organization.

Enclosed is a copy of the Loan Transaction History.

AS02092018T

If you have any additional questions or concerns, please contact our Customer Service department at 800-365-7107.

Sincerely,

Compliance Department
Shellpoint Mortgage Servicing

---

*This communication is sent to you by Shellpoint Mortgage Servicing, a professional debt collector.*

### Please read the following important notices as they may affect your rights.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource and the United States Armed Forces Legal Assistance or other similar agencies.

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency.

Local address is 5230 Washington Street, West Roxbury, MA 02132
Office hours are Mon-Thurs 10 a.m. to 3 p.m.

The following is a Spanish translation of the information previously provided:

### Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario.

# Exhibit C

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Michael Naughton** | Social Security number or ITIN **xxx-xx-2361** |
| | First Name    Middle Name    Last Name | EIN __-_____ |
| Debtor 2 | **Denise Naughton** | Social Security number or ITIN **xxx-xx-3102** |
| (Spouse, if filing) | First Name    Middle Name    Last Name | EIN __-_____ |

United States Bankruptcy Court    **District of Massachusetts**

Case number:  **12−12719**

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

      Michael Naughton                      Denise Naughton

The Chapter 13 Trustee's Report and Account and the Notice of Final Cure Payment pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f) having been filed, if applicable, sufficient notice having been provided, no objections having been timely filed or any such objection(s) having been overruled, and the Motion for Entry of Discharge having been allowed:

**the Court FINDS AND RULES that:**

1. the debtor(s) is (are) entitled to a discharge pursuant to 11 U.S.C. §1328(a);
2. all allowed claims have been fully paid in accordance with the provisions of the confirmed plan; and
3. with respect to any claims secured by a security interest in the debtor's principal residence, any prepetition or postpetition defaults have been cured and such claims are in all respect current, with no escrow balance, late charges, costs, or attorney's fees owing, except to the extent that (i) the secured claim is not treated at all in the plan, (ii) the debtor has admitted, or is deemed to have admitted otherwise by his and/or her failure to seek a determination pursuant to Fed. R. Bankr. P. 3002.1(h), that he and/or she is not current with respect to the postpetition obligation, or (iii) the Court has determined otherwise in accordance with Fed. R. Bankr. P. 3002.1(h).

Accordingly, it is **ORDERED,** pursuant to 11 U.S.C. §§ 1328(a) and 105(a) and Massachusetts Local Bankruptcy Rule 13−22, that:

1. the debtor(s) is (are) granted a discharge under 11 U.S.C. § 1328(a);
2. creditors who held secured claims which were fully paid pursuant to the provisions of the confirmed plan shall execute and deliver to the debtor(s) a release or other discharge certificate suitable for recording; and
3. creditors who hold secured claims which continue beyond the term of the plan shall take no action inconsistent with the findings and rulings made above.

    8/24/17                          **By the court:**    Melvin S. Hoffman
                                                     United States Bankruptcy Judge

                                                 **For more information, see page 2 >**

## Explanation of Bankruptcy Discharge in a Chapter 13 Case

This court grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. This order does not dismiss the case.

### Debts that Are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that Are Not Discharged

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

♦ Debts that are domestic support obligations;

♦ Debts for most student loans;

♦ Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ Debts for personal injuries or death caused by debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

♦ Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual;

♦ Debts provided for under § 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

♦ Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained; and

♦ Debts for certain taxes to the extent not paid in full under the plan; and

♦ Some debts which the debtors did not properly list.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.

*[ In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]*

A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---