**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: Michael Naughton and Denise Naughton,<br><br>**Debtors,** | Chapter 13<br>BK Case No. 12-12719 |
| Michael Naughton and Denise Naughton,<br><br>**Plaintiffs,**<br>v.<br><br>New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing,<br><br>**Defendant.** | Adv. Proc. No. 18-01068 |

**DEFENDANT NEW PENN FINANCIAL'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Defendant"), which hereby answers the adversary complaint ("Complaint") of the Plaintiffs, Michael Naughton and Denise Naughton (collectively, "Plaintiffs"), as follows:

**PARTIES**

1. Admitted to the extent that the Plaintiffs previously filed a Chapter 13 Petition (Docket No. 12-12719). The Defendant is without sufficient knowledge as to the remaining allegation contained in Paragraph 1.

2. Admitted.

3. Denied. Answering further, New Penn Financial, LLC ("New Penn") and Shellpoint Mortgage Servicing ("Shellpoint") are both subsidiaries of Shellpoint Partners, LLC.

4. Admitted.

## JURISDICTION

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

## STATEMENT OF FACTS

6. Admitted.

7. Admitted to the extent that the Plaintiffs acquired title to the Property on or about November 30, 1999. The remaining allegations contained in Paragraph 7 of the Complaint are denied. Answering further, on or about September 5, 2003, the Plaintiffs granted a mortgage in the original principal amount of $280,000.00 to ABN AMRO Mortgage Group, Inc.

8. Admitted upon information and belief.

9. Admitted to the extent that Ditech Financial LLC executed an Assignment of Mortgage to New Penn on July 6, 2017.

10. Admitted to the extent that the servicing of the mortgage was transferred to Shellpoint on or about June 16, 2017.

11. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 11 of the Complaint and denies them on that basis.

12. Admitted upon information and belief.

13. Admitted upon information and belief.

14. Admitted upon information and belief.

15. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 15 of the Complaint and denies them on that basis.

16. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 16 of the Complaint and denies them on that basis.

17. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 17 of the Complaint and denies them on that basis.

18. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 18 of the Complaint. Answering further, on February 9, 2018 Shellpoint sent a letter to the Plaintiffs, which is attached to the Complaint at Exhibit B. The letter speaks for itself.

19. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 19 of the Complaint and denies them on that basis.

20. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 20 of the Complaint and denies them on that basis.

21. Admitted to the extent that a letter dated February 9, 2018 was sent to the Plaintiffs.

22. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 22 of the Complaint and denies them on that basis.

23. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 23 of the Complaint and denies them on that basis.

24. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 24 of the Complaint and denies them on that basis.

25. Denied to the extent that the Plaintiffs characterize Case No. 18 SM 002064 as a "foreclosure proceeding." Answering further, Case No. 18 SM 002064 is a servicemember proceeding.

26. Denied to the extent that the Plaintiffs characterize Case No. 18 SM 002064 as a "foreclosure proceeding." Answering further, Case No. 18 SM 002064 is a servicemember proceeding.

27. Denied.

28. Admitted to the extent that the affidavit required by M.G.L. c. 244 § 35B and C have not yet been recorded.

29. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 29 of the Complaint and denies them on that basis.

## COUNT I
## (VIOLATION OF THE DISCHARGE INJUNCTION)

30. The Defendant repeats and realleges the statements contained in Paragraphs 1 through 29 of its Answer to the Plaintiffs' Complaint and incorporates the same herein by reference.

31. Denied.

32. Paragraph 32 of the Complaint is a request of the Court made by the Plaintiffs and requires no response from the Defendant. To the extent that a response is required, the Defendant requests that this Court deny the Plaintiffs' requests for relief and dismiss their Complaint with prejudice.

## COUNT II
## (VIOLATION OF THE AUTOMATIC BANKRUPTCY STAY)

33. The Defendant repeats and realleges the statements contained in Paragraphs 1 through 32 of its Answer to the Plaintiffs' Complaint and incorporates the same herein by reference.

34. Denied.

35. Paragraph 35 of the Complaint is a request of the Court made by the Plaintiffs and requires no response from the Defendant. To the extent that a response is required, the Defendant requests that this Court deny the Plaintiffs' requests for relief and dismiss their Complaint with prejudice.

## COUNT III
## (VIOLATION OF FDCPA)

36. The Defendant repeats and realleges the statements contained in Paragraphs 1 through 35 of its Answer to the Plaintiffs' Complaint and incorporates the same herein by reference.

37. Paragraph 37 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

38. Paragraph 38 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

39. Paragraph 39 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

40. Paragraph 40 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

## COUNT IV
## (VIOLATION OF RESPA)

42. The Defendant repeats and realleges the statements contained in Paragraphs 1 through 41 of its Answer to the Plaintiffs' Complaint and incorporates the same herein by reference.

43. Paragraph 43 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

44. Paragraph 44 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statute speaks for itself.

45. Paragraph 45 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statutes speak for themselves.

46. Paragraph 46 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statutes speak for themselves

47. Paragraph 47 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statutes speak for themselves

48. Paragraph 48 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant states that the cited statutes speak for themselves

49. Denied.

50. Denied.

51. Paragraph 51of the Complaint is a request of the Court made by the Plaintiffs and requires no response from the Defendant.

52. Paragraph 52 of the Complaint is a request of the Court made by the Plaintiffs and requires no response from the Defendant.

53. Paragraph 53 of the Complaint is a request of the Court made by the Plaintiffs and requires no response from the Defendant.

## COUNT V
## (VIOLATIONS OF G.L. CH. 93A)

54. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 54 of the Complaint and denies them on that basis.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's injuries, if any, were not caused by the Defendant.

## THIRD AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend this filing to assert any and all applicable affirmative defenses, which discovery may reveal appropriate.

**WHEREFORE**, Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing requests that this Court grant the following relief:

1. Deny the Plaintiff's prayer for relief;
2. Enter judgment in favor of the Defendant against the Plaintiffs;
3. Dismiss the Plaintiffs' Complaint with prejudice; and
4. Grant the Defendant such further relief as this Court deems just and proper.

Respectfully submitted,
DEFENDANT,
**NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING**
By its Attorney,

*/s/ Andrea V. Lasker*
Andrea V. Lasker, Esq.
BBO No.: 644198
HARMON LAW OFFICES, P.C.
150 California Street
Newton, MA  02458
Direct: 617-558-0540
Fax: 617-243-4038
alasker@harmonlaw.com

Dated: June 27, 2018

## **CERTIFICATE OF SERVICE**

      I, Andrea V. Lasker, Esquire, hereby certify that service of the foregoing Defendant New Penn Financial, LLC's Answer to Plaintiffs' Complaint has been made this 27th day of June, 2018 upon the following parties by electronic filing through the Court's electronic notification procedures:

    Colin D. Creager, Esq.
    Law Office of Nicholas F. Ortiz, P.C.
    99 High Street, Suite 304
    Boston, MA 02110
    cdc@mass-legal.com

                                  */s/ Andrea V. Lasker*
                                  Andrea V. Lasker